**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LAWRENCE ALLEY,<br><br>       Plaintiff,<br><br>   v.<br><br>Correctional Officer Q. GREENE,<br><br>       Defendant.<br>_____ / | No. C 11-1915 SI (pr)<br><br>**ORDER OF DISMISSAL** |

  Richard Lawrence Alley "sui juris-pro se affiant" commenced this action by filing a document entitled "Federal Rules Of Civil Procedure Rule 55, Default (a) and (b), and (1)" and "Commercial Affidavit Of Truth And Fact." (Docket # 1.)

  A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at §1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

  Plaintiff's typed and single-spaced 13-page "Commercial Affidavit" consists of rambling about the Uniform Commercial Code and plaintiff's determination that he is a sovereign entity. The "claim" amidst the gibberish appears to be that, because plaintiff "is a Sovereign State" and his name is registered with the Uniform Commercial Code, and plaintiff did not give defendant authority to use plaintiff's name or search his property, defendant's use of plaintiff's name on prison documents and searches of plaintiff's personal property makes defendant "liable for

1  payment of public debt." Docket # 1, p. 7.   The complaint is dismissed because is it legally
2  frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is
3  premised on an indisputably meritless legal theory or is clearly lacking any factual basis).

4      This action is dismissed for the separate and independent reason that plaintiff failed to
5  file a completed *in forma pauperis* application.  The *in forma pauperis* application is DENIED
6  because it is incomplete. (Docket # 4.)   Specifically, plaintiff failed to attach the required
7  inmate trust account statement to his application.  *See* 28 U.S.C. § 1915(a)(2) (prisoner bringing
8  a civil action seeking to proceed as a pauper shall, in addition to the affidavit of pauper status,
9  "submit a certified copy of the trust fund account statement (or institutional equivalent) for the
10 prisoner for the 6-month period immediately preceding the filing of the complaint").

11     The clerk shall close the file.
12     IT IS SO ORDERED.
13 Dated: July 28, 2011                                     _____
14                                                       SUSAN ILLSTON
                                                      United States District Judge

**United States District Court**
For the Northern District of California